**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KINGFLY SPIRITS, LLC FORMERLY DOING BUSINESS AS PORT OF PITTSBURGH DISTILLERY, LLC, MARK WILLSON, and EBBREZZA, INC.,** | **Civil Action No. 1:22-cv-00050-CB** |
| **Plaintiffs,** | |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **BLAKE RAGGHIANTI, DAVID S. KLETT, JUSTINA TUSHAK, DANIELLE RAGGHIANTI, JÖRG GERLACH, MD, PhD, ECHT, LLC, GREGG THRELKELD, MARK ZINI, THE AGING ROOM, LLC, ERIE YACHT CLUB, AND JOHN DOES 1-10,** | |
| **Defendants.** | |

**RICO CASE STATEMENT**

AND NOW, come Plaintiffs, Kingfly Spirits, LLC ("Kingfly"), by and through its attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC, and Plaintiffs, Mark Willson ("Willson") and Ebbrezza, Inc. ("Ebbrezza"), by and through their attorneys, Nicholas A. Miller, Esquire and Brenlove & Fuller, LLC, and file this RICO Case Statement, averring as follows:

1. On February 11, 2022, Plaintiffs filed a Complaint in the United States District Court for the Western District of Pennsylvania, at the above referenced docket and against the above-named Defendants, and which averred unlawful conduct that violates:

    a. 18 U.S.C. § 1962 (b); and

    b. 18 U.S.C. § 1962 (c).

2.     Each Defendants' alleged misconduct, and the basis of liability of each Defendant, are as follows:

| Defendant | Alleged Misconduct | Basis of Liability |
|---|---|---|
| Blake Ragghianti | Violations of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Theft from Interstate Shipment in Violation of 18 U.S.C. § 659; Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314; Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957; Fraud by Wire, Radio, or Television in Violation of 18 U.S.C. § 1343, Frauds and Swindles in violation of 18 U.S.C. § 1341; Bank Fraud in violation of 18 U.S.C. § 1344, Transportation in aid of Racketeering Enterprises in Violation of 18 U.S.C. § 1952, and Criminal Infringement of a Copyright in Violation of 18 U.S.C. § 2319. |
| David S. Klett | Violations of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314; Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957. |
| Justina Tushak | Violations of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Fraud by Wire, Radio, or Television in violation of 18 U.S.C. § 1343 |

| | | |
|---|---|---|
| Danielle Ragghianti | Violations of 18 U.S.C. § 1962(c) | Transportation in aid of Racketeering Enterprises in Violation of 18 U.S.C. § 1952. |
| Jörge Gerlach, MD, PhD | Violation of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314 |
| Gregg Threlkeld | Violation of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314; Criminal Infringement of a Copyright in Violation of 18 U.S.C. § 2319; and Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957. |
| Mark Zini | Violation of 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) | Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314; Criminal Infringement of a Copyright in Violation of 18 U.S.C. § 2319; and Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957. |
| Erie Yacht Club | Violations of 18 U.S.C. § 1962(c) | Transport and Receipt of Stolen Assets in Violation of 18 U.S.C. § 2314 |

| John Does 1-10 | Currently Unknown | Currently Unknown |

3.      Other alleged wrongdoers and alleged misconduct are as follows:

| Defendant | Alleged Misconduct |
|-----------|-------------------|
| ECHT, LLC | Misappropriation of Kingfly's Trade Secrets |
| The Aging Room, LLC | Misappropriation of Kingfly's Trade Secrets |

4.      The alleged victims and how each victim has been injured are as follows:

| Victim | Injury |
|--------|--------|
| Kingfly Spirits, LLC | Loss of value of property, loss of revenues, and cost associated with investigating and pursuing recovery |
| Mark Willson | Loss of value, loss of opportunity, and costs associated with investigating and pursuing recovery. |
| Ebbrezza, Inc. | Loss of value and costs associated with investigating and pursing recovery. |

5.      The description of the pattern of racketeering activity alleged for each RICO claim is as follows:

a.      The Predicate Acts making up the Pattern of Racketeering in this matter are as follows:

i.      On or about November 13, 2018, Defendant, Blake Ragghianti ("Ragghianti") stole 27.56 gallons of Dickell Whiskey ("Stolen Dickell") from Plaintiff, Kingfly in violation of 18 U.S.C. § 659.

ii.  On or around November 13, 2018 Ragghianti stole bottles, labels, wax and other materials from Kingfly for use in bottling the Stolen Dickell in violation of 18 U.S.C. § 659.

iii.  Between December 4, 2018 and December 8, 2018 Ragghianti provided the Stolen Dickell to Defendant, David S. Klett ("Klett") and Klett received the Stolen Dickell in violation of 18 U.S.C. § 2314.

iv.  On or about November 13, 2018, Ragghianti manipulated the books and records of Kingfly to indicate that the Stolen Dickell had been "dumped" using electronic wire and crossing state lines in violation of 18 U.S.C. § 1343.

v.  On or about January 3, 2019, Ragghianti stole an additional 36 gallons of Dickell Whiskey ("Additional Stolen Dickell") from Kingfly in violation of 18 U.S.C. § 659.

vi.  On or around January 3, 2019, Ragghianti provide the Additional Stolen Dickell to Klett and Klett received the Additional Stolen Dickell in violation of 18 U.S.C. § 2314.

vii.  On or about January 3, 2019, Ragghianti manipulated the books and records of Kingfly to indicate that the Additional Stolen Dickell had been "dumped" using electronic wire and crossing state lines in violation of 18 U.S.C. § 1343.

viii.  On or about November 13, 2018 and thereafter, Ragghianti and Klett sold the Stolen Dickell and Additional Stolen Dickell and received and

retained the proceeds of the sale of the Stolen Dickell and Additional Stolen Dickell in violation of 18 U.S.C. § 1957.

ix.   On or around December of 2018, Ragghianti submitted forms to the United States Tobacco Tax and Trade Bureau ("TTB") which indicated that the Stolen Dickell had been dumped, when it had in fact been stolen, which is a violation of either 18 U.S.C. § 1343 and/or 18 U.S.C. § 1341.

x.   On or around February of 2019, Ragghianti submitted forms to the TTB which indicated that the Additional Stolen Dickell had been dumped, when it had in fact been stolen, which is a violation of either 18 U.S.C. § 1343 and/or 18 U.S.C. § 1341.

xi.   On or around June 29, 2019, Ragghianti stole 958.32 mL of Sorrento lemon oil ("Lemon Oil") from Kingfly in violation of 18 U.S.C. § 659.

xii.   On or about February 3, 2020, Ragghianti manipulated the books and records of Kingfly to hide his theft of the Lemon Oil by using electronic wire and crossing state lines in violation of 18 U.S.C. § 1343.

xiii.   The Lemon Oil was transferred to and received by Defendants, Gregg Threlkeld ("Threlkeld") and Mark Zini ("Zini") at the Aging Room in violation of 18 U.S.C. § 2314.

xiv.   The Lemon Oil has been used to manufacture Limoncello, which in turn has been sold by Ragghianti, Threlkeld, and Zini through the Aging Room in violation of 18 U.S.C. 1957.

xv.   On or about January 30, 2019, Ragghianti manipulated the books and records of Kingfly to indicate that 42 gallons of White Rum ("White

Rum"), which had been distilled by Kingfly, had been "dumped" by using a "cloud-based" software application, which constitutes the use of electronic wire and crossing state lines.

xvi.   In reality, the White Rum had been stolen by Ragghianti and his electronic manipulation of Kingfly's books and records is a violation of 18 U.S.C. § 1343.

xvii.   On or around January 30, 2020 and thereafter, the White Rum was transferred to Gerlach, after which Ragghianti and Gerlach filed false TTB reports related to the White Rum, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xviii.   Between February 2020 and October 2020, Ragghianti caused to be filed false TTB reports related to the White Rum through Conneaut Cellars, Inc., which is a violation of 18 U.S.C. 1343 and/or 1341.

xix.   On or around September 2020, Ragghianti transferred the White Rum to Threlkeld and Zini at the Aging Room.

xx.   Ragghianti, Threlkeld, and Zini thereafter filed false reports with the TTB related to the White Rum, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xxi.   On or about January 30, 2020, Ragghianti manipulated the books and records of Kingfly to indicate that 82.01 gallons of Silver Rum ("Silver Rum") which had been distilled by Kingfly, had been "dumped" by using a "cloud-based" software application which constitutes the use of electronic wire and crossing state lines.

xxii.    In reality, the Silver Rum had been stolen by Ragghianti in violation of 18 U.S.C. § 659 and his electronic manipulation of Kingfly's books and records is a violation of 18 U.S.C. § 1343.

xxiii.   On or about January 30, 20202, Ragghianti transferred the Silver Rum to ECHT, where it was received by Gerlach in violation of 18 U.S.C. 2314.

xxiv.   On or around January 30, 2020 and thereafter, Ragghianti and Gerlach filed false TTB reports related to the Silver Rum with the TTB, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xxv.    Between February 2020 and October 2020, Ragghianti caused to be filed false TTB reports related to the Silver Rum through Conneaut Cellars, Inc., which is a violation of 18 U.S.C. 1343 and/or 1341.

xxvi.   On or around September 2020, Ragghianti transferred the Silver Rum to Threlkeld and Zini at the Aging Room.

xxvii.  Ragghianti, Threlkeld, and Zini thereafter filed false reports with the TTB related to the Silver Rum, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xxviii. The Silver Rum has been sold by Ragghianti, Threlkeld, and Zini by and through the Aging Room in violation of 18 U.S.C. 1957.

xxix.   On or about February 3, 2020, Ragghianti manipulated the books and records of Kingfly, by using a "cloud-based" software application constituting the use of electronic wire and crossing state lines, to indicate that 3.78 gallons of orange liqueur ("Orange"), which had been distilled by Kingfly, had been "dumped."

xxx.    In reality, the Orange had been stolen by Ragghianti in violation of 18 U.S.C. § 659 and his electronic manipulation of Kingfly's books and records is a violation of 18 U.S.C. § 1343.

xxxi.    On or around February 3, 2020 and thereafter, Ragghianti caused to be filed with the TTB false reports related to the Orange, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xxxii.    On or around September 2020, Ragghianti transferred the Orange to Threlkeld and Zini at the Aging Room.

xxxiii.    Ragghianti, Threlkeld, and Zini thereafter filed false reports with the TTB related to the Orange, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xxxiv.    The Orange has been sold by Ragghianti, Threlkeld, and Zini through the Aging Room in violation of 18 U.S.C. 1957.

xxxv.    It is believed Ragghianti regularly stole the inventory of Kingfly for his own use in violation of 18 U.S.C. § 659, however, the exact dates, times, and amounts of such theft are still under investigation and Plaintiffs reserve the right to amend this Statement upon the completion of their investigation.

xxxvi.    It is believed that Klett, Gerlach, Threlkeld, and Zini have been in receipt of Kingfly's stolen inventory in violation of 18 U.S.C. § 2314, however, the exact dates, times, and amounts of their receipt of that stolen inventory are still under investigation and Plaintiffs reserve the right to amend this Statement upon the completion of their investigation.

xxxvii.    At various unknown times, Ragghianti manipulated the books and records of Kingfly to cover up his theft of approximately 90 to 150 gallons of Bliss Rum ("Bliss Rum"), through the use of a "cloud-based" software application which constitutes the use of electronic wire and crossing state lines in violation of 18 U.S.C. § 1343.

xxxviii.   In reality, the Bliss Rum had been stolen by Ragghianti in violation of 18 U.S.C. § 659.

xxxix.     On or about January 30, 2020, Ragghianti transferred the Bliss Rum to ECHT, where it was received by Gerlach in violation of 18 U.S.C. 2314.

xl.        On or around January 30, 2020 and thereafter, Ragghianti and Gerlach filed false TTB reports related to the Bliss Rum with the TTB, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xli.       Between February 2020 and October 2020, Ragghianti caused to be filed false TTB reports related to the Bliss Rum through Conneaut Cellars, Inc., which is a violation of 18 U.S.C. 1343 and/or 1341.

xlii.      On or around September 2020, Ragghianti transferred the Bliss Rum to the Aging Room where it was received by Threlkeld and Zini in violation of 18 U.S.C. 2314.

xliii.     Ragghianti, Threlkeld, and Zini thereafter filed false reports with the TTB related to the Bliss Rum, which is a violation of either 18 U.S.C. 1343 and/or 1341.

xliv.      The Bliss Rum has been sold by Ragghianti, Threlkeld, and Zini through the Aging Room and/or Raggiante, LLC in violation of 18 U.S.C. 1957.

xlv.     In or around 2021, Ragghianti began selling the Stolen Bliss through a website known as bliss1895.com in violation of 18 U.S.C. 2314.

xlvi.    By and through the sale of the Stolen Bliss, Ragghianti has used, and infringed upon, the Bliss labels, or derivatives thereof, all of which are owned by Kingfly,

xlvii.   This use of and infringement upon Kingfly's copyright, generally and specifically in connection with the sale of the Stolen Bliss is willful and intentional and thus in violation of 18 U.S.C. § 2319.

xlviii.  The exact dates and times of Ragghianti's infringement are still under investigation and Plaintiffs reserve the right to amend this Statement upon the completion of their investigation.

xlix.    Ragghianti transported the Stolen Bliss via the United States Postal Service in violation of 18 U.S.C. §1952.

l.       Danielle Ragghianti ("Mrs. Ragghianti") assisted Ragghianti with the transport of the Stolen Bliss via the United States Postal Service in violation of 18 U.S.C. § 1952.

li.      The exact dates, times and amounts of Ragghianti's and Mrs. Ragghianti's violations of 18 U.S.C. § 1952 in shipping the Stolen Bliss via the United States Postal Service are still under investigation and Plaintiffs reserve the right to amend this Statement upon the completion of thei investigation.

lii.     On or around March 2, 2015, the exact date of which is still under investigation, it is believed Ragghianti removed Willson as a signatory on and terminated his access to a Kingfly bank account by and through a

fraudulent written instrument he submitted to the bank in violation of 18 U.S.C. § 1344.

liii.   At various times Tushak accessed the books and records of Kingfly via a "cloud-based" application and made edits to Kingfly's book and records to cover up Ragghianti's theft from Kingfly in violation of 18 U.S.C. § 1343.  While an investigation into Tushak's actions is still ongoing, it is believed that she made such alterations to Kingfly's books and records on the following dates:

| 3/31/2016 | 4/1/2016 | 3/17/2017 | 3/18/2017 | 4/6/2017 | 4/7/2017 | 4/10/2017 | 5/31/2017 |
|---|---|---|---|---|---|---|---|
| 8/28/2018 | 8/29/2018 | 2/2/2019 | 3/5/2019 | 3/28/2019 | 4/3/2019 | 4/4/2019 | 4/22/2019 |
| 5/2/2019 | 5/8/2019 | 5/9/2019 | 5/10/2019 | 5/11/2019 | 5/12/2019 | 5/13/2019 | 5/14/2019 |
| 5/16/2019 | 5/17/2019 | 5/18/2019 | 5/19/2019 | 5/20/2019 | 5/21/2019 | 5/22/2019 | 5/23/2019 |
| 5/25/2019 | 5/26/2019 | 5/27/2019 | 5/28/2019 | 5/29/2019 | 5/30/2019 | 5/31/2019 | 6/1/2019 |
| 6/2/2019 | 6/3/2019 | 6/4/2019 | 6/5/2019 | 6/6/2019 | 6/7/2019 | 6/8/2019 | 6/9/2019 |
| 6/10/2019 | 6/12/2019 | 6/16/2019 | 6/14/2019 | 6/15/2019 | 6/16/2019 | 6/17/2019 | 6/18/2019 |
| 6/19/2019 | 6/20/2019 | 6/21/2019 | 6/22/2019 | 6/24/2019 | 6/26/2019 | 6/27/2019 | 6/28/2019 |
| 6/30/2019 | 7/1/2019 | 7/2/2019 | 7/3/2019 | 7/4/2019 | 7/5/2019 | 7/6/2019 | 7/7/2019 |
| 7/8/2019 | 7/11/2019 | 7/12/2019 | 7/13/2019 | 7/14/2019 | 7/15/2019 | 7/17/2019 | 7/18/2019 |
| 7/19/2019 | 7/20/2019 | 7/21/2019 | 7/22/2019 | 7/23/2019 | 7/24/2019 | 7/25/2019 | 7/26/2019 |
| 7/27/2019 | 7/28/2019 | 7/29/2019 | 7/30/2019 | 7/31/2019 | 8/1/2019 | 8/2/2019 | 8/3/2019 |
| 8/4/2019 | 8/5/2019 | 8/7/2019 | 8/8/2019 | 8/9/2019 | 8/10/2019 | 8/11/2019 | 8/12/2019 |
| 8/13/2019 | 8/14/2019 | 8/15/2019 | 8/16/2019 | 8/17/2019 | 8/18/2019 | 8/19/2019 | 8/20/2019 |
| 8/21/2019 | 8/22/2019 | 8/23/2019 | 8/24/2019 | 8/25/2019 | 8/26/2019 | 8/27/2019 | 8/28/2019 |
| 8/29/2019 | 8/30/2019 | 8/31/2019 | 9/1/2019 | 9/3/2019 | 9/4/2019 | 9/5/2019 | 9/6/2019 |
| 9/7/2019 | 9/8/2019 | 9/9/2019 | | | | | |

liv.   On or around July 2018, but possibly as early as 2017, Ragghianti opened a bank account with Dollar Bank using a false operating agreement, which he represented was the actual operating agreement of Kingfly, that incorrectly identified Ragghianti as the majority member of Kingfly in violation of 18 U.S.C. 1344.

lv.  On or around February 12, 2020, Tushak electronically submitted to Kingfly an invoice on behalf of her Company, TuGirls, Inc. that contained fabricated charges for bookkeeping and other services she and her company allegedly provided to Kingfly in violation of 18 U.S.C. 1343.

b.  To date, there have been no criminal charges filed and no conviction of any of the individuals referenced herein for violation of any of the above identified predicate acts.

c.  To date, no civil judgment has been entered or obtained against any of the individuals referenced herein relative to any above identified predicate acts.

d.  The predicate acts form a pattern of racketeering in so far as they were performed with the intent to utilize Plaintiffs' funds and assets for the benefit of Defendants and to ultimately sabotage Kingfly's operational abilities to force out Willson through theft, fraud, embezzlement, sabotage, deceit, and other improper and unlawful conduct.

6.  The alleged predicate acts relate to each other as part of a common plan through various enterprises as follows:

a.  Count I – Violation of Federal Civil RICO 18 U.S.C. § 1962(b)

i.  Enterprise-in-Fact:  Ragghianti, Klett, and Tushak, formed an Enterprise-in-Fact by and through which they engaged in a continuing pattern of racketeering activity.  These defendants functioned as an ascertainable structure separate from the conduct constituting the pattern of racketeering activity.

ii.    Conneaut Cellars, Inc. is a Pennsylvania corporation and is a legitimate company through which Ragghianti conducted illegitimate actions. Ragghianti utilized Conneaut Cellars, Inc to submit false TTB Reports, to essentially "launder," the inventory and assets he stole from Kingfly. Ragghianti is the only Defendant known to be associated with Conneaut Cellars, Inc. and his actions were separate from Conneaut Cellars, Inc. as an enterprise.

iii.    Tugirls, Inc. is a Pennsylvania corporation which is believed to be solely owned by Tushak.  Ragghianti and Tushak utilized TuGirls, Inc. to fraudulently edit the books and records of Kingfly and to submit false invoicing to Kingfly to cover up Ragghianti's illegal activities and cripple the company.

b.  Count II – Violation of Federal Civil RICO 18 U.S.C. § 1962(b)

i.    Raggiante, LLC is a Pennsylvania limited liability company solely owned by Ragghianti.  Raggiante is the entity through which Ragghianti transported, or sent through US Mail, the stolen property of Kingfly for their own monetary gain.

c.  Count III – Violation of Federal Civil RICO 18 U.S.C. § 1962(b):

i.    ECHT, LLC – ECHT, LLC is a Pennsylvania limited liability company solely owned by Gerlach. Blake Ragghianti and Gerlach utilized ECHT to receive, hold, and hide the inventory and assets stolen from Kingfly.

d.  Count IV – Violation of Federal Civil RICO U.S.C. § 1962(b):

i.   The Aging Room, LLC is a Pennsylvania limited liability company that is owned by Threlkeld and Zini.  Blake, Threlkeld, and Zini utilized The Aging Room, LLC to receive, hold, and hide the inventory and assets stolen from Kingfly and to sell that stolen property for monetary gain.

e.   Count V – Violation of Federal Civil RICO U.S.C. §1962(c):

i.   Enterprise-in-Fact:  Defendants Blake Ragghianti, David Klett, Justina Tushak, Jorge Gerlach, Gregg Threlkeld, and Mark Zini formed and Enterprise-in-Fact by and through which they engaged in a continuing pattern of racketeering activity.  These defendants functioned as an ascertainable structure separate from the conduct constituting the pattern of racketeering activity.  Each defendant is a perpetrator of the alleged racketeering

ii.   Conneaut Cellars, Inc. is a Pennsylvania corporation and is a legitimate company through which Defendant Blake Ragghianti conducted illegitimate actions. Blake Ragghianti utilized Conneaut Cellars, Inc., by and through the submission of false TTB Reports, to try and essentially "launder," the inventory and assets Blake Ragghianti stole from Kingfly. Blake Ragghianti is the only Defendant known to be associated with Conneaut Cellars, Inc. and his actions were separate from Conneaut Cellars, Inc. as an enterprise.

iii.   Tugirls, Inc. is a Pennsylvania corporation which is believed to be solely owned by Tushak.  Blake Ragghianti and Tushak utilized TuGirls, Inc. in

order to fraudulently edit the books and records of Kingfly and to submit false invoicing to Kingfly.

      iv.    Raggiante, LLC is a Pennsylvania limited liability company solely owned by Blake Ragghianti.  Raggiante is the entity through which Blake Ragghianti and Danielle Ragghianti transported via the United States Postal Service Kingfly's stolen property for their own monetary gain.

    f.   Count VI – Violation of Federal Civil RICO 18 U.S.C. § 1962(c):

      i.    Raggiante, LLC is a Pennsylvania limited liability company solely owned by Ragghianti.  Raggiante is the entity through which Mrs. Ragghianti participated in the transport, via the United States Postal Service, of Kingfly's stolen property for monetary gain.

    g.   Count VII – Violation of Federal Civil RICO 18 U.S.C. § 1962 (c):

      i.    Erie Yacht Club is a Pennsylvania non-profit entity which knowingly received from Ragghianti stolen property belonging to Kingfly.  Erie Yacht Club is alleged to be an enterprise itself and was a perpetrator of some of the referenced predicate acts.

7.      The pattern of racketeering activity and the enterprises remain separate as those enterprises are believed to conduct other operations that are believed to be legitimate.

8.      Conneaut Cellars, Inc., ECHT, LLC, The Aging Room, LLC, Raggiante, LLC, and Tugirls, Inc. are believed to conduct other operations and activities that are legitimate. The racketeering activities conducted by Defendants by and through the various enterprises are believed to be outside the scope of the regular daily activities and operations of the Enterprises.  It

is not believed that the operations and activities of the Enterprises sound solely in racketeering activities.

The individual Defendants are believed to conduct other operations and activities that are legitimate. The racketeering activities conducted by the individual Defendants by and through the various enterprises are believed to be outside the scope of the regular daily activities and operations of Defendants.   It is not believed that the operations and activities of Defendants and the Enterprises sound solely in racketeering activities.

The Enterprise-in-Fact is an enterprise that exists solely for illegitimate purposes and includes the conduction of the pattern of racketeering which is a facet thereof.  As such, it is believed that a merger of the entity and pattern of racketeering has occurred.

9.	The Enterprises have received stolen property without payment, as well as proceeds of monetary transactions derived from the stolen property.

10.	The property stolen from Kingfly all directly impacted state commerce as the products had been shipped across state lines or were made with ingredients that crossed state lines. The damages Kingfly has suffered directly impacts its ability to both use those products and to continue to purchase products from across state lines.

11.	No violation of 18 U.S.C. § 1962 (a) is averred in the Complaint:

12.	The Complaint avers several violations of 18 U.S.C. § 1962(b):

a.	The very existence of the Association in Fact is based upon the illicit scheme of Ragghianti, Klett, and Tushak, each of whom gained and/or maintained their interest in the Enterprise-in-Fact by and through their racketeering activities.

b.	Ragghianti gained an indirect interest in and/or control of ECHT by and through his transport and delivery of Kingfly's stolen property to ECHT.  Gerlach was able

to maintain his direct interest in ECHT with the assistance of Ragghianti which was based on Gerlach's willingness to receive and possess Kingfly's stolen property.

c. Ragghianti maintained a direct interest in Raggiante, LLC by and through his sale and shipment of Kingfly's stolen property through Raggiante, LLC.

d. Ragghianti gained and indirect interest in and/or control of the Aging Room by and through his transport and delivery of Kingfly's stolen property to the Aging Room. Threlkeld and Zini were able to maintain their interests in the Aging Room by and through the receipt and possession of Kingfly's stolen property and the sale of that property for monetary gain.

13. The Complaint avers several violations of 18 U.S.C. 1962(c):

a. Ragghianti is associated with the Enterprise-in-Fact, ECHT, LLC, Raggiante, LLC, and The Aging Room, LLC.

b. Klett is associated with the Enterprise-in-Fact.

c. Tushak is associated with the Enterprise-in-Fact and Tugirls, Inc.

d. Gerlach is associated with the Enterprise-in-Fact and ECHT, LLC;

e. Threlkeld is associated with the Enterprise-in-Fact and The Aging Room, LLC;

f. Zini is associated with the Enterprise-in-Fact and the Aging Room, LLC;

g. Mrs. Ragghianti is associated with Raggiante, LLC; and

h. Erie Yacht Club is associated with the Enterprise-in-Fact and is both the liable person and the enterprise under 18 U.S.C. § 1962 (c).

14. No violation of 18 U.S.C. § 1962(d) is averred in the Complaint.

15. The injuries Plaintiffs have suffered are the loss of value, loss of use, and loss of profits that would have been derived from Kingfly's stolen property; damage to Kingfly's business

name, reputation; damage to Kingfly's operations; the devaluing of Willson's equity in Kingfly; the loss of the significant money Willson had to contribute to Kingfly to cover the losses Defendants caused; the loss of income Willson would have received but for Defendants' individual and collective conduct; opportunity damages; and the costs of investigating and pursuing litigation to redress Defendants' individual and collective conduct.

16.     The theft of the Kingfly's property, covering up the theft, and then using those same stolen products to compete against Kingfly is the direct, causal relationship between Plaintiffs' injuries and the violation of the RICO Statute.

17.     The damages of each Plaintiff are as follows:

a.   Kingfly: damages related to the loss of value, loss of use, and loss of profits that would have been derived from Kingfly's stolen property; damage to Kingfly's business name, reputation; damage to Kingfly's business operations; opportunity damages; and the costs of investigating and pursuing litigation to redress Defendants' individual and collective conduct.

b.   Willson: the devaluing of Willson's equity in Kingfly; the loss of the significant money Willson had to contribute to Kingfly to cover the losses Defendants caused; the loss of income Willson would have received but for Defendants' individual and collective conduct; opportunity damages; and the costs of investigating and pursuing litigation to redress Defendants' individual and collective conduct.

c.   Ebbrezza, Inc: damages related to the theft of money, opportunity damages, and the costs of investigating and pursuing litigation to redress Defendants' individual and collective conduct.

18.     All other Federal causes of action stated in the Complaint are as follows:

a.   Computer Fraud and Related Activity in Violation of 18 U.S.C. § 1030 against Ragghianti and Tushak -as aided and abetted by Klett.

b.   Private Cause of Action under 18 U.S.C. § 1836 relating to the misappropriation of trade secrets against Ragghianti, Erie Yacht Club, ECHT, LLC, and the Aging Room, LLC.

19.   The pendent state claims that directly relate to the same or similar facts as pled in the Complaint are:

a.   Allegheny County, Pennsylvania Court of Common Pleas No. GD 20-002719

i.   Kingfly's claim for an Accounting/Declaratory Judgment against Ragghianti;

ii.   Kingfly's claim for Permanent Injunctive Relief against Ragghianti;

iii.   Kingfly's claim for Breach of Contract/Fiduciary Duty against Ragghianti;

iv.   Kingfly's claim for Misappropriation of Trade Secrets under Pennsylvania's Uniform Trade Secrets Act against Ragghianti;

v.   Kingfly's claim for Unfair Competition against Ragghianti;

vi.   Kingfly's claim for Civil Conspiracy/Aiding and Abetting against Ragghianti;

vii.   Kingfly's claim for Unjust Enrichment/Quantum Meruit against Ragghianti;

viii.   Kingfly's claim for Tortious Interference with Business Relationships against Ragghianti;

    ix.    Kingfly's claim for Usurping Corporate Opportunities against Ragghianti;

    x.    Kingfly's claim for an Accounting/Declaratory Judgment against Klett, Raggiante, LLC, and Mrs. Ragghianti;

    xi.    Kingfly's claim for Civil Conspiracy/Aiding and Abetting against Klett and Mrs. Ragghianti;

    xii.    Kingfly's claim for Misappropriation of Trade Secrets under Pennsylvania's Uniform Trade Secrets Act against Klett, Raggiante, LLC, and Mrs. Ragghianti;

    xiii.    Kingfly's claim for Unfair Competition against Klett, Raggiante, LLC, and Mrs. Ragghianti;

    xiv.    Kingfly's claim for Tortious Interference of Business Relationships against Klett Raggiante, LLC, and Mrs. Ragghianti;

    xv.    Kingfly's claim for Unjust Enrichment/Quantum Meruit against Klett, Raggiante, LLC, and Mrs. Ragghianti;

    xvi.    Kingfly's claim for Unjust Enrichment/Quantum Meruit against Mrs. Ragghianti;

    xvii.    Ragghianti's claims for Breach of Contract against Willson;

    xviii.    Ragghianti's claim for Unjust Enrichment/Quantum Meruit against Willson;

    xix.    Willson's Direct Action for Expulsion against Ragghianti;

    xx.    Willson's claim for Fraud against Ragghianti;

    xxi.    Willson's claim for Breach of Contract against Ragghianti;

xxii.    Willson's claim for Breach of Fiduciary Duties against Ragghianti;

xxiii.   Willson's claim for Declaratory Judgment against Ragghianti;

xxiv.    Willson's claim for Defamation against Ragghianti;

xxv.     Willson's claim for False Light against Ragghianti;

xxvi.    Willson's claim for Civil Conspiracy against Ragghianti;

xxvii.   Willson's claim for Civil Conspiracy against Klett;

xxviii.  Willson's claim for Aiding and Abetting against Klett;

b.  Erie County, Pennsylvania Court of Common Pleas Case No. 12021-2020

i.    Tugirls, Inc.'s claim for Breach of Contract against Kingfly;

ii.   Tugirls, Inc.'s claim for Unjust Enrichment/Quantum Meruit against Kingfly;

iii.  Kingfly's claim for Civil Conspiracy against Tugirls, Inc.

iv.   Kingfly's claim for Aiding and Abetting against Tugirls, Inc.

v.    Kingfly's claim for Breach of Fiduciary duty against Tugirls, Inc.

vi.   Kingfly's claim for Wrongful Use of Civil Proceedings/Malicious Process against Tugirls, Inc.

vii.  Kingfly's claim for Indemnification/Contribution against Ragghianti

viii. Kingfly's claim for Civil Conspiracy against Ragghianti;

ix.   Kingfly's claim for Aiding and Abetting against Ragghianti;

x.    Kingfly's claim for Breach of Fiduciary Duty against Ragghianti;

xi.   Ragghianti's claim for Breach of Contract against Willson and Ebbrezza; and

xii.    Ragghianti's claim for Breach of Fiduciary Duties against Willson and Ebbrezza.

20.    All other relevant information related to this RICO claim is either identified in Plaintiffs' Complaint or is still under investigation.  Therefore, Plaintiffs reserve the right to amend this statement upon the completion of their investigation.

Respectfully Submitted,

**THE FARNETH LAW GROUP, LLC**

By: *ls George Farneth II*
George R. Farneth II, Esquire
Pa. I.D. No. 53914
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA 15219
412-977-7779
grf@farnethlaw.com

*Counsel for Plaintiff, Kingfly Spirits, LLC*

**BRENLOVE & FULLER, LLC**

By: *s/ Nicholas A. Miller*
Nicholas A. Miller, Esquire
Pa. I.D. No. 204141
401 Washington Avenue
Bridgeville, PA 15017
nmiller@brenlovefuller.com

*Counsel for Plaintiffs, Mark Willson and Ebbrezza, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within *Case Statement* was served on all Defendants via USPS regular mail on the 25th day of February 2022:

Blake Ragghianti
1355 Akehurst Road
Pittsburgh, PA 15220

Justina Tushak
712 Kahkwa Boulevard
Erie PA 16505

Danielle Ragghianti
1355 Akehurst Road
Pittsburgh, PA 15220

Erie Yacht Club
1 Ravine Drive
Erie, PA 16505

Jorg Gerlach, MD, PhD
2634 South 18th Street Ext.
Pittsburgh, PA 15210

Gregg Threlkeld
10020 Pendleton Way
Cranberry Township, PA 16066

ECHT, LLC
221 Brownsville Road
Pittsburgh, PA 15301

Mark Zini
10020 Pendleton Way
Cranberry Township, PA 16066

The Aging Room, LLC
10020 Pendleton Way
Cranberry Township, PA 16066

**THE FARNETH LAW GROUP, LLC**

By:   */s George Farneth II*
George R. Farneth II, Esquire
*Attorneys for Plaintiff,*
*Kingfly Spirits, LLC*