IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KINGFLY SPIRITS, LLC FORMERLY DOING BUSINESS AS PORT OF PITTSBURGH DISTILLERY, LLC, MARK WILLSON, and EBBREZZA, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BLAKE RAGGHIANTI, DAVID S. KLETT, JUSTINA TUSHAK, DANIELLE RAGGHIANTI, JÖRG GERLACH, MD, PhD, ECHT, LLC, GREGG THRELKELD, MARK ZINI, THE AGING ROOM, LLC, ERIE YACHT CLUB, AND JOHN DOES 1-10,**<br><br>Defendants. | Civil Action No. 1:22-cv-00050-CB<br><br><br><br>**JURY TRIAL DEMANDED** |

**RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE ASSOCIATED CASES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2) [ECF No. 36]**

Defendant, Erie Yacht Club, files the within Response in Opposition to the Motion to Consolidate Associated Cases Pursuant to Federal Rule of Civil Procedure 42(a)(2) ("Motion to Consolidate") filed on behalf of Kingfly Spirits, LLC f/d/b/a Port of Pittsburgh Distillery, LLC ("Kingfly"), Mark Willson ("Willson"), and Ebbrezza, Inc. ("Ebbrezza") (collectively, "Plaintiffs"), of which the following is a statement:

1. Admitted.

2. Denied as stated. It is admitted that Plaintiffs filed Notices of Removal in two state court actions at docket numbers 1:22-cv-00086-CB and 2:22-cv-409-CB.[1] It is specifically denied

---

[1] For the sake of brevity, the cases will be referred to herein as follows: (1) "Kingfly I" (GD-20-2719, Allegheny County, Pennsylvania; 2:22-cv-409-CB); (2) "Tugirls, Inc." (20-12021, Erie County, Pennsylvania; 1:22-cv-00086-CB); and (3) "Kingfly II" (1:22-cv-00086-CB).

that these lawsuits were "initiated" on March 4, 2022. To the contrary, Tugirls, Inc. and Kingfly I were originally filed—two years ago—in Erie County, Pennsylvania in January 2020, and Allegheny County, Pennsylvania in February 2020, respectively.

3. The averments of paragraph 3 of the Motion to Consolidate are denied as conclusions of law to which no response is required. To the extent a response is deemed to be required, it is denied that the averments of paragraph 3 contain a complete recitation of the legal standards regarding the consolidation of actions.

4. The averments of paragraph 4 of the Motion to Consolidate are denied as conclusions of law and paraphrasing of legal interpretations of case law to which no response is required. To the extent a response is deemed to be required, it is denied that the averments of paragraph 4 contain a complete recitation of the legal standards regarding the court's powers with respect to the consolidation of actions.

5. Upon information and belief, admitted.

6. Upon information and belief, admitted.

7. The averments of paragraph 7 of Plaintiff's Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 7 of Plaintiffs' Motion to Consolidate are denied to the extent they consist of the opinions and/or beliefs of Plaintiffs and/or their counsel. To the extent a response is deemed to be required, it is specifically denied the state court cases "include parties, facts, and questions of law that not only overlap but are substantially intertwined with the RICO Action as well as each other." To the contrary, these cases are not similarly situated procedurally, and do not involve common questions of law or fact, and consolidation will result in prejudice to Erie Yacht Club.

8. Denied as stated. It is admitted that the operative Complaint in Kingfly I includes the following causes of action:

- Count I – Accounting/Declaratory Judgment;
- Count II – Permanent Injunctive Relief;
- Count III – Breach of Contract/Fiduciary Duty[2];
- Count IV – Misappropriation of Trade Secrets (Pennsylvania Uniform Trade Secrets Act);
- Count V – Unfair Competition;
- Count VI – Civil Conspiracy/Aiding and Abetting;
- Count VII – Unjust Enrichment/Quantum Meruit;
- Count VIII – Tortious Interference with Business Relationships; and
- Count IX – Usurping Corporate Opportunities.

The remaining averments of paragraph 8 of the Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 8 of Plaintiff's Motion to Consolidate are denied to the extent that the Second Amended Complaint is a written document that speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. Strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion.

9. Erie Yacht Club is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of the Motion to Consolidate. Therefore, they are denied, and strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion.

---

[2] This cause of action relates to Kingfly's Operating Agreement to which Kingfly Spirits, LLC, Blake Ragghianti, and Mark Willson only, are parties.

10. Erie Yacht Club is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of the Motion to Consolidate. Therefore, they are denied, and strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion.

11. The averments of paragraph 11 of Plaintiff's Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 11 of Plaintiff's Motion to Consolidate are denied to the extent they consist of the opinions and/or beliefs of Plaintiffs and/or their counsel. To the extent a response is deemed to be required, the averments of paragraph 11 are denied, and strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion. Further, these cases are not similarly situated procedurally, and do not involve common questions of law or fact, and consolidation will result in prejudice to Erie Yacht Club.

12. The averments of paragraph 12 of Plaintiff's Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 12 of Plaintiff's Motion to Consolidate are denied to the extent they consist of the opinions and/or beliefs of Plaintiffs and/or their counsel. To the extent a response is deemed to be required, the averments of paragraph 12 are denied, and strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion. Further, these cases are not similarly situated procedurally, and do not involve common questions of law or fact, and consolidation will result in prejudice to Erie Yacht Club.

13. The averments of paragraph 13 of Plaintiff's Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 13 of Plaintiff's Motion to Consolidate are denied to the extent they consist of the opinions and/or beliefs of Plaintiffs and/or their counsel. To the extent a response is deemed to be required, the averments of paragraph 13 are denied, and strict proof is demanded at the time of argument, if any, on

Plaintiffs' Motion. Further, these cases are not similarly situated procedurally, and do not involve common questions of law or fact, and consolidation will result in prejudice to Erie Yacht Club.

14. The averments of paragraph 14 of Plaintiff's Motion to Consolidate are denied as conclusions of law to which no response is required. Further, the averments of paragraph 14 of Plaintiff's Motion to Consolidate are denied to the extent they consist of the opinions and/or beliefs of Plaintiffs and/or their counsel. To the extent a response is deemed to be required, the averments of paragraph 14 are denied, and strict proof is demanded at the time of argument, if any, on Plaintiffs' Motion. By way of further response, it is specifically denied that consolidation of the cases will "serve to promote judicial economy and efficiency." To the contrary, nothing about consolidation of these three cases serves to promote efficiency, conserve resources, or avoid delay.

15. Denied. It is specifically denied that "[n]o party will suffer any prejudice whatsoever if the requested relief is granted." To the contrary, as set forth in its supporting brief which has been filed contemporaneously with this response, Erie Yacht Club—a party to only the instant action—will be severely prejudiced if these matters are consolidated.

WHEREFORE, Defendant, Erie Yacht Club, respectfully requests that this Honorable Court deny Plaintiffs' Motion to Consolidate.

*/s/ Bruce E. Rende*_____
Bruce E. Rende, Esquire
Dennis St. J. Mulvihill, Esquire
Amy V. Sims, Esquire
Robb Leonard Mulvihill, LLP
BNY Mellon Center
500 Grant Street, Suite 2300
Pittsburgh, PA 15219
brende@rlmlawfirm.com
dmulvihill@rlmlawfirm.com
asims@rlmlawfirm.com
*Attorneys for Defendant, Erie Yacht Club*