IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KINGFLY SPIRITS, LLC FORMERLY DOING BUSINESS AS PORT OF PITTSBURGH DISTILLERY, LLC, MARK WILLSON AND EBBREZZA, INC. | Civil Action No. 1:22-CV-00050-CB |
| Plaintiffs | |
| v. | |
| BLAKE RAGGHIANTI, DAVID S. KLETT, JUSTINA TUSHAK, DANIELLE RAGGHIANTI, JÖRG GERLACH, MD, PhD, ECHT, LLC, GREGG THRELKELD, MARK ZINI, THE AGING ROOM, LLC, ERIE YACHT CLUB, AND JOHN DOES 1-10, | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT DAVID S. KLETT'S MOTION TO DISMISS**

Defendant David S. Klett, by and through his counsel Anthony E. Patterson, Esquire, submits the following Brief in Support of Motion to Dismiss.

**I.   INTRODUCTION**

This action arises from a business dispute between the members of a limited liability company known as Kingfly Spirits, LLC ("Kingfly") relating to the company's operations in or around February 2020. Defendant David S. Klett ("Attorney Klett") originally acted as legal counsel to Defendant Blake Ragghianti, who was one of the members and/or owners of Kingfly.[1]

---

[1] Plaintiffs' Complaint omits the fact that Attorney Klett was acting as legal counsel to Mr. Blake Ragghianti during the time of the alleged facts contained in the Complaint.

1

Plaintiffs have attempted to improperly shoehorn civil RICO claims into this business dispute when Plaintiffs have already asserted conspiracy and related claims against Attorney Klett in the Allegheny Case. Plaintiffs have failed to sufficiently plead the necessary requirements for civil RICO claims, such as the existence of an enterprise, a pattern of racketeering activity, and the requirements to maintain claims under §§1962(b) and (c). Counts I and V of Plaintiffs' Complaint against Attorney Klett should be dismissed.

Plaintiffs also attempt to assert a claim against Attorney Klett for aiding and abetting computer fraud under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030 (a) (1)-(7). The CFAA, however, does not create a cause of action for aiding and abetting. *Advanced Fluid Sys., Inc. v. Huber*, 28 F. Supp.3d 306, 327 citing 18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(g).; see also *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP,* 2011 WL 2847712, at *2–4, 2011 U.S. Dist. LEXIS 77217, at *7–9 (D.Nev. July 15, 2011); and see 18 U.S.C. § 1030(b) (Holding that the statute creates a cause of action against "whoever conspires to commit or attempts to commit" an offense under § 1030(a), but makes no mention of aiding and abetting liability). Count IX of Plaintiffs' Complaint should be dismissed.

## II.    BACKGROUND

Plaintiffs allege generally that Ragghianti, Klett, Tushak, Gerlach, Threkheld and Zini formed an association-in-fact that constituted an enterprise within the meaning of 18 U.S.C. §1961(4) and engaged in a continuing pattern of racketeering activity. **(Comp. ¶ 28).** With respect to Attorney Klett, Plaintiffs' allegations are limited to the following:

   a. Ragghianti, with the aid, assistance, encouragement, and actions of Klett, formulated a scheme to utilize Willson's money to build up PoP/Kingfly and then take over the company **(Comp. ¶ 83)**;

   b. Klett assisted Ragghianti with the assignment of the Recipe to EYC **(Comp. ¶ 100)**;

    c. Attorney Klett directed and encouraged Ragghianti to restrict Plaintiff Willson and other Kingfly employees from Kingfly's Facebook page and website **(Comp. ¶ 120)**;

    d. Ragghianti stole bottles, labels, wax, and other materials from Kingfly which he and Klett intended to use to bottle the Stolen Dickell **(Comp. ¶ 141)**;

    e. Between December 4, 2018 and December 8, 2018, Ragghianti provided the Stolen Dickell to Klett who received the same knowing it had been stolen/embezzled **(Comp. ¶¶ 143, 144)**;

    f. Ragghianti and Klett intended to use the Stolen Dickell and Supplies to create a blended whiskey to compete with Kingfly **(Comp. ¶ 145)**;

    g. Ragghianti and Klett used money from Pop/Kingfly, the Stolen Dickell, and the Supplies to develop, market, and sell their own brand **(Comp. ¶ 149)**;

    h. On or about January 3, 2019, Ragghianti delivered to Klett the Additional Stolen Dickell **(Comp. ¶ 156)**;

    i. Plaintiffs believe that portions of the stolen PoP/Kingfly Products were transferred to and received by Klett as payment for his services, advice and assistance[2] with the Scheme and Association **(Comp. ¶ 198)**;

    j. Klett directed Ragghianti to take control of Kingfly's second bank account **(Comp. ¶ 252)**; and

    k. Klett assisted in drafting engagement letters from Tushak **(Comp. ¶ 260)**.

### III. PROCEDURAL HISTORY

Plaintiffs initiated the instant action by filing a Complaint on February 15, 2022. Plaintiffs' Complaint contains ten counts. The Counts asserted against Attorney Klett are as follows: (Count I) Federal Civil RICO, 18 U.S.C. §1962(b); (Count V) Federal Civil RICO, 18 U.S.C. 1962(c); and (Count IX) Aiding and Abetting Computer Fraud and Related Activity.

Plaintiff Kingfly previously commenced a related case based upon the same set of facts against Attorney Klett in the Court of Common Pleas of Allegheny County, Pennsylvania at GD

---

[2] Ostensibly as payment for Attorney Klett's legal services, advice and assistance.

20-002719 (the "Allegheny Case"). In the Allegheny Case, Plaintiff Kingfly asserts the following counts against Attorney Klett: (Count I) Accounting/Declaratory Judgment; (Count II) Civil Conspiracy/Aiding and Abetting; (Count III) Misappropriation of Trade Secrets; (Count IV) Unfair Competition; (Count V) Tortious Interference with Business Relations; and (Count VI) Unjust Enrichment/Quantum Meruit. On March 4, 2022, Plaintiff Kingfly, through the filing of a Notice of Removal, removed the Allegheny Case to the United States District Court for the Western District of Pennsylvania at 2:22-cv-00409-CB.

## IV. ARGUMENT

### A. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a pleading. *See* Fed. R. Civ. P. 12(b)(6). In *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the federal pleading standard, holding that a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Id.*, at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further clarified the pleading standard by delineating two principles for analyzing a motion to dismiss. First, although "a court must accept as true all of the allegations contained in the complaint," the mere recital of the elements of a particular cause of action followed by conclusory statements of a legal claim does not suffice. *Id.* at 663. Second, with respect to any surviving well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 664. The Court elaborated on plausibility, stating, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, the plausibility standards require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In alleging fraud or mistake, a party must state with particularity the circumstances

4

constituting fraud or mistake." Fed. R. Civ. P. 9(b). "A party must allege facts which will enable the court to draw an inference of fraud, and allegations in the form of conclusions or impermissible speculation as to the existence of fraud are insufficient." *Alvarez v. Ins. Co. of N. Am.*, 313 Fed. Appx. 465, 467-468 (3d Cir. 2008). To satisfy Rule 9, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *North Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, 817 F. Supp. 2d 642, 646 (W.D. Pa. 2011).

### B. Racketeer Influenced and Corrupt Organizations (RICO) Act

The RICO Act was enacted to "seek the eradication of organized crime in the United States . . . ." *United States v. Esposito*, 912 F.2d 60, 63 (3d Cir. 1990) (citing Pub. L. No. 91-452, 84 Stat. 922 (1970)). To that end, Section 1962(b) prohibits any 'person' through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any 'enterprise' which is engaged in or affects interstate or foreign commerce. 18 U.S.C. §1962(b).

The Supreme Court has held that RICO may extend to activities beyond organized crime, but it has cautioned that courts may not apply RICO to new purposes that Congress never intended. *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). Further, "[b]ecause the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Id.* (citation omitted). Likewise, "[c]ourts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb." *Id.*

### C. Plaintiffs have Failed to Plead Sufficient Facts to Support a Plausible Claim under the RICO Act.

5

### 1. Plaintiffs failed to sufficiently plead the existence of an enterprise (Counts I and V).

Claims under both 1962(b) and 1962(c) of the RICO Act require Plaintiffs to plead the requisite elements of an enterprise. "[A] RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in [*Boyle v. United States*, 556 U.S. 938 (2009)]: a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369-702 (3d Cir. 2010).

"RICO defines an 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity, and any union or group or individuals associated in fact although not a legal entity.'" *United States v. Irizarry*, 341 F.3d 273, 285 (3d Cir. 2003) (quoting 18 U.S.C. § 1961(4)). A RICO enterprise exists only where (1) there is "an ongoing organization, formal or informal"; (2) "the various associates [of the enterprise] function as a continuing unit"; and (3) the enterprise exists "separate and apart from the pattern of activity in which it engages." *United States v. Turkette*, 452 U.S. 576, 583 (1981). "The 'ongoing organization' requirement relates to the superstructure or framework of the group [, which requires a showing] that some sort of structure exists within the group for the making of decisions, whether it be hierarchical or consensual [and there] must be some mechanism for controlling and directing the affairs of the group on an ongoing, rather than an ad hoc, basis." *United States v. Riccobene*, 709 F.2d 214, 222 (3d Cir. 1983).

In *Wood v. Wood,* this Court set forth the law requiring an "enterprise" to establish a RICO claim as follows:

> An enterprise is defined broadly under the statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group of

6

individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The definition encompasses organizations such as corporations and partnerships and other legal entities as well as any group of individuals that do not constitute a legal entity but are "associated in fact." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 364 (3d Cir. 2010). An association-in fact enterprise, as is at issue here, "is 'a group of persons associated together for a common purpose of engaging in a course of conduct.' " *Boyle v. U.S.*, 556 U.S. 938, 946 (2009), quoting *U.S. v. Turkette*, 452 U.S. 576, 583 (1981). It is proved "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Turkette*, 452 U.S. at 583. No matter how informal, an association-in-fact enterprise must nevertheless have some "structure," which at the very least must include: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Brokerage Antitrust Litig.*, 618 F.3d at 366, quoting *Boyle v. U.S.*, 556 U.S. at 946.

Further, as set forth by this Court in *Ferguson v. Moeller*,

> In *United States v. Turkette*, 452 U.S. 576 (1981), the United States Supreme Court identified three characteristics of a RICO "enterprise." The first element requires proof of an "ongoing organization." Id. at 583. To satisfy this element, there must be some mechanism for controlling and directing the affairs of the group on an ongoing, rather than an ad hoc, basis. [*U.S. v.] Console*, 13 F.3d [641] 650-51 [ (3d Cir. 1993) ]. The second element requires proof "that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583. To satisfy this element, each person must perform a role in the group consistent with the organizational structure established by the first element and which furthers the activities of the organization." *Console*, 13 F.3d at 651. The third element demands proof that the enterprise is an "entity separate and apart from the pattern of activity in which it engages." *Turkette*, 452 U.S. at 583. As the Console Court explained: "it is not necessary to show that the enterprise has some function wholly unrelated to the racketeering activity, but rather that it has an existence beyond that which is necessary merely to commit each of the acts charged as predicate racketeering offenses." 13 F.3d at 651-52. In other words, "a viable § 1962(c) action requires a claim against defendant 'persons' acting through a distinct 'enterprise.' " *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46 F.3d 258, 268 (3d Cir. 1995). In *In re Ins. Brokerage Antitrust Litig.*, 2006 WL 2850607, at *17 (D.N.J. Oct. 3, 2006), the Court explained that a RICO claim cannot be pled "simply by alleging that the conduct of one aspect of Defendants' activities through fraud constitutes the racketeering activity." Instead, a plaintiff must demonstrate the existence of an "enterprise," functioning as an independent, free-standing association in-fact, which "engages in a pattern of activity which differs from the usual and daily activities of its members." *Id*. The Court dismissed the RICO claim because Plaintiffs had

7

> not sufficiently averred that the alleged enterprise had an existence of its own, and performed functions other than the perpetration of the predicate racketeering acts. *Id.*; *Accord Parrino v. Swift*, 2006 WL 1722585, at *3 (D.N.J. June 19, 2006) (dismissing RICO claims where Plaintiffs had "alleged that the conspiracy to defraud was the same thing as the enterprise"). *Ferguson v. Moeller*, 2016 WL 1106609, at *5 (footnote omitted).

*Wood v. Wood*, No. 16-995, 2017 WL 57186, at *4 (W.D. Pa. Jan. 5, 2017). In *Wood*, this Court ultimately determined:

> *Plaintiff has not alleged any facts* regarding an on-going organization or any on-going decision-making. Nor has Plaintiff alleged any facts regarding an actual role for each Defendant or how they collaborated or coordinated their activities in a functional continuing unit. Moreover, contrary to Plaintiff's conclusory assertion in her RICO Statement, *Plaintiff has not pled any facts* regarding the existence of any activities beyond the alleged racketeering. *Plaintiff therefore has failed to set forth facts* from which the existence of an enterprise can be inferred.

*Id.* at *5 (emphasis added) *see also Valcom, Inc. v. Vellardita*, No. 13-3025, 2014 WL 1628431, at *7 (D.N.J. Apr. 23, 2014) (dismissing RICO claim where "Plaintiff has not plausibly alleged the existence of anything which operated as a continuing unit in which each person performed a role in the group consistent with the organizational structure which furthers the activities of the organization" (internal quotation marks, alterations, and citations omitted)); *Ferguson v. Moeller*, No. 16-41, 2016 WL 1106609, at *7 (W.D. Pa. Mar. 22, 2016) (association-in-fact enterprise insufficiently pleaded where "[t]here are no allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering").

The instant case is analogous to the *Wood* case. Plaintiffs failed to sufficiently plead facts supporting the existence of a separate identifiable enterprise. Plaintiff has failed to allege any facts to establish the existence of any ongoing organization or any ongoing decision-making. Plaintiffs' Complaint fails to specifically allege any connection between Attorney Klett and any

of the other Defendants and/or members of the alleged enterprise. Plaintiff failed to allege any facts regarding an actual role for each Defendant or how they collaborated or coordinated their activities in a functional continuing unit. The only connection between Klett and the other members of the alleged enterprise, other than Ragghianti, is the general allegation that the Tushak "engagement letters were drafted with the assistance of Klett, possibly on his computer". **(Comp. ¶ 260)**. Plaintiffs also failed to plead any "structure or framework" of the enterprise, or any facts beyond the alleged racketeering.

Plaintiffs failed to plead facts sufficient to establish that the enterprise exists "separate and apart from the pattern of activity in which it engages." Plaintiffs have alleged certain facts and occurrences revolving around the management of Kingfly. There are no specific allegations that a separate enterprise exists outside of the dispute between Ragghianti and Willson over Kingfly.

Plaintiffs' have failed to sufficiently plead the existence of an enterprise. Counts I and V of Plaintiffs' Complaint must be dismissed.

### 2. Plaintiffs failed to plead sufficient facts to establish a pattern of racketeering activity (Counts I and V).

To establish a "pattern of racketeering activity," "the complainant must plead facts demonstrating (1) at least two predicate acts of racketeering activity, (2) the last of which occurred within ten years after the commission of a prior act of racketeering activity, (3) that are related, and (4) amount to, or pose a threat of, continuing criminal activity." *GLD Foremost Holdings, LLC v. Michael*, 2017 U.S. Dist. LEXIS 33989, at *7 (M.D. Pa. Mar. 9, 2017). See also *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). "In sum, a plaintiff must prove a "continuity of racketeering activity." *Id.*

Plaintiffs have failed to plead sufficient facts to establish the predicate acts amount to, or

pose a threat of, continuing criminal activity. Plaintiffs have also failed to plead any facts that any of the predicate acts or activities extend beyond the specific business dispute between Ragghianti and Willson and allegations of misconduct. This case amounts to nothing more than business partners fighting over: the control of a legitimate business; its profits; its intellectual property; and the fiduciary duties and alleged misconduct of its members. Plaintiffs have stretched the allegations to attempt to allege the existence of an enterprise between Ragghianti and outsiders such as his attorney and his accountant. This is simply a business dispute with no threat of continued criminal activity. There has been no allegation that the alleged enterprise poses a threat of continued criminal activity, and Counts I and V of Plaintiffs' Complaint must be dismissed.

### 3. Plaintiffs have failed to plead sufficient facts that support a plausible claim for relief under §1962 (b) of the RICO Act (Count I).

As this Court has recently stated in *Wood*,

> "[t]he key feature of a RICO § 1962(b) theory is that Defendants engaged in racketeering to acquire control over an enterprise," which requires a plaintiff to plead, *inter alia*, that defendant has an interest in an enterprise and gained or maintained that interest through a pattern of racketeering. *Ferguson v. Moeller*, 2016 WL 1106609, at *4 (W.D. Pa. Mar. 22, 2016), quoting *Macauley v. Estate of Nicholas*, 7 F. Supp. 3d 468, 485 (E.D. Pa. 2014). "Additionally, a plaintiff 'must show injury from the defendant's acquisition or control of an interest' of the enterprise via racketeering activities." *Id.*

*Wood v. Wood*, No. 16-995, 2017 WL 57186, at *3 (W.D. Pa. Jan. 5, 2017). "A RICO §1962(b) claim cannot merely parrot a §1962 (c) claim, but instead requires the assertion of an injury independent from that caused by the pattern of racketeering." *Id*. (citations omitted)

Plaintiffs have failed to plead sufficient facts that Attorney Klett has engaged in racketeering to acquire control over an enterprise. Plaintiffs have also failed to plead that Attorney Klett has and/or had an interest in a separate identifiable enterprise or that he gained

10

and/or maintained that interest through a pattern of racketeering. Plaintiffs have also failed to identify and plead how their injury resulted from Attorney Klett's **control over the enterprise** as opposed to the underlying racketeering activity. Rather, Plaintiffs merely parrot their §1962 (c) claim. Accordingly, Count I against Attorney Klett must be dismissed.

### 4. Plaintiffs have failed to plead sufficient facts that support a plausible claim for relief under 1962 (c) of the RICO Act (Count V).

Section 1962(c) of the RICO Act prohibits any 'person' employed by or associated with any 'enterprise' from conducting or participating in the conduct of such enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. §1962 (c). *Glessner v. Kenny*, 952 F.2d 702, 710-14 (3d Cir. 1991). "Mere association with an enterprise does not violate § 1962(c)." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 370 (3d Cir. 2010). Rather, "the 'conduct or participate' element requires a defendant to 'have some part in directing those affairs." *Id.* at 371. "More precisely, one is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Id.* For "outsiders" to meet the statutory requirement, they "must have conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* Thus, "[i]t cannot be said that by merely performing what are generic financial and related services to an insurance company, even if they are later found to be deficient, an accounting firm has opened itself to liability under the federal racketeering statute." *Univ. of Md. at Baltimore v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539-40 (3d Cir. 1993).

In *Reves v. Ernst & Young*, the Supreme Court held that an outside accounting firm did not "conduct or participate, directly or indirectly, in the conduct" of a cooperative's affairs when it prepared and presented audit reports to the cooperative's board that allegedly failed to disclose information necessary to assess the solvency of the cooperative. *Reves v. Ernst & Young*, 507

U.S. 170, 185-86 (1993). In *Reves v. Ernst & Young*, the Supreme Court significantly limited the reach of § 1962(c) by holding that liability for "conducting" or "participating in the conduct of" the affairs of an enterprise is limited to persons who exercise a managerial role in the enterprise's affairs. *Id.* at 507 U.S. 178-79.

In the instant case, Plaintiffs have failed to plead sufficient facts to support that Attorney Klett participated in the operation or management of the alleged enterprise. There is no allegation that Attorney Klett exercised a managerial role in the enterprise's affairs.

Plaintiffs allege generally that Attorney Klett assisted Ragghianti with certain actions taken by Ragghianti. **(Comp. ¶¶ 100, 260).** Plaintiffs allege that Ragghianti provided Attorney Klett with the allegedly Stolen Dickell, the Additional Stolen Dickell and the Supplies. **(Comp. ¶¶ 141, 143, 144, 156)**. These allegations do not give rise to any factual basis by which Attorney Klett controlled or directed the affairs of the alleged enterprise. To the contrary, those allegations indicate that Attorney Klett did not have the ability to control or direct.

Plaintiffs also allege that Attorney Klett directed Ragghianti to "take control of the second bank account" **(Comp. ¶¶ 251, 252)** and at the direction or with the encouragement of Attorney Klett, Ragghianti restricted Plaintiff Willson and other employees' access to the company's Facebook page and website. **(Comp. ¶ 120)**. Both of these actions, by the way, are not inconsistent with an attorney giving advice to a client who is in a business dispute with his partner. Plaintiffs failed to plead whether any harm or damage resulted to Plaintiffs from Ragghianti taking control of the second bank account. Plaintiffs also failed to plead specifically what Attorney Klett actually did to direct or encourage Ragghianti to restrict access to the company's Facebook page and website or whether there was any harm or damage as a result. Plaintiffs' ambiguous allegation that Attorney Klett either directed or encouraged is not

sufficient. Together, these two alleged incidences do not establish that Attorney Klett participated in the operation and/or management of the alleged enterprise. Plaintiffs have failed to plead sufficient facts to support a §1962 (c) claim and Count V should be dismissed.

### 5. Plaintiffs failed to plead allegations of fraud with specificity.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs have failed to plead fraud with the required particularity. Plaintiffs have asserted wire fraud and bank fraud as specific predicate acts. Plaintiffs failed to identify with particularity how Attorney Klett engaged in any alleged fraudulent conduct.

### D. Plaintiffs cannot maintain a cause of action for aiding and abetting computer fraud (Count IX)

Count IX of Plaintiffs' Complaint attempts to assert a cause of action for aiding and abetting computer fraud under the CFAA. Plaintiffs cannot state a valid claim under Section 1030(b) for aiding and abetting. Simply put, the CFAA does not create a separate cause of action for aiding and abetting. See *Mifflinburg Telegraph, Inc. v. Criswell*, 277 F.Supp.3d 750 (E.D. Pa. 2017); and *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09–CV–00422, 2011 WL 2847712, at *2–4, 2011 U.S. Dist. LEXIS 77217, at *7–9 (D.Nev. July 15, 2011); see also 18 U.S.C. § 1030(b) (creating a cause of action against "whoever conspires to commit or attempts to commit" an offense under § 1030(a), but making no mention of aiding and abetting liability). In *Flynn*, the court explained that the plain language of Section 1030 only creates liability for "a primary violator, a person who attempts a primary violation, and a co-conspirator of a primary violator. Section 1030 does not provide for aiding and abetting liability." *Flynn*, 2011 WL 2847712, at *3, 2011 U.S. Dist. LEXIS 77217, at *8. Plaintiffs cannot maintain a cause of action for aiding and abetting a violation of the CFAA and

13

Count IX of the Complaint should be dismissed.

## V. RESERVATION

Defendant David S. Klett reserves the right to join in any additional motions to dismiss Plaintiffs' Complaint filed by the other Defendants.

## VI. CONCLUSION

For the foregoing reasons, Defendant David S. Klett respectfully requests that this Honorable Court enter the attached Order dismissing Plaintiff's Complaint.

                                                            Respectfully submitted,

                                                            /s/ *Anthony E. Patterson*
Anthony E. Patterson, Esquire
PA ID No. 72881
304 Ross Street, Suite 505
Pittsburgh, PA 15219
T: (412) 281-2704
F: (412) 586-5274
aeplawfirm@aol.com

*Counsel for David S. Klett*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2022, a true and correct copy of the foregoing was submitted to the Clerk of Courts using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Anthony E. Patterson*
Anthony E. Patterson