**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KINGFLY SPIRITS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 22-50E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BLAKE RAGGHIANTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Defendant JORG GERLACH's Motions, dated March 3, 2023 and docketed at **Doc. 134**, are resolved as follows.

Mr. Gerlach's "Motion A," requesting an extension to respond to the Second Amended Complaint, is **DENIED AS MOOT**.  Included in his present filing is a Motion to Dismiss, labeled "Motion C," which satisfies his obligation to plead or otherwise respond to the Second Amended Complaint.  Plaintiffs' Motion/Request for Default Judgment (**Doc. 123**), therefore, is **DENIED**, as relates to JORG GERLACH.  Mr. Gerlach's Motion to Dismiss will be revisited shortly, below.

Mr. Gerlach's "Motion B," requesting an extension for ECHT, LLC to plead or otherwise respond to the Second Amended Complaint, is **DENIED** with explanation.  As the Court repeatedly has advised Mr. Gerlach, he may not represent or make filings on behalf of the LLC. Also, the Court has established a deadline of March 13, 2023 for ECHT, LLC to have licensed legal counsel enter an appearance on its behalf.  Text Order dated Feb. 27, 2023 (*see* Doc. 124). In addition, that deadline will be suspended, as described below, until Plaintiffs file a notice of intention regarding whether this case will proceed against JORG GERLACH and ECHT, LLC.

Skipping to "Motion D," JORG GERLACH's request that the claims against him and the LLC be "decoupled" from the claims against the other Defendants is **DENIED**.  Plaintiffs are entitled to join claims against multiple defendants, pursuant to the Federal Rules of Civil Procedure.  Mr. Gerlach's request, generally referred to as a "severing" of claims, is governed by legal standards that he has failed to meet.

Returning to "Motion C," Mr. Gerlach's Motion to Dismiss, the Court observes the following.  It appears clear that Mr. Gerlach believed he and Plaintiffs were nearing a settlement of the claims against him and the LLC.  Unbeknownst to Mr. Gerlach, however, on February 24, 2023, Plaintiffs' counsel requested the entry of Default Judgment against both JORG GERLACH and ECHT, LLC, in the amount of $504,406.00, plus costs.  *See* Doc. 123.  Had the request been granted (which it has not), Mr. Gerlach and the LLC would be indebted to Plaintiffs in the amount specified; and these Defendants, in essence, would have "lost" the case, full stop, regarding the claims against them.

Although the Court has only heard Mr. Gerlach's side of the story, Plaintiffs' pursuit of a settlement, while at the same time surreptitiously seeking the entry of default judgment, would smack of bad faith and questionable legal ethics.  Given that Plaintiffs' counsel have not been heard regarding these matters, however, the Court presently cannot reach that conclusion.

What the case needs now is clarity.  By **March 21, 2023**, Plaintiffs shall file on the docket and serve on Defendants a notice of intention regarding the claims against JORG GERLACH and ECHT, LLC.  If the parties require additional time to negotiate a settlement, Plaintiffs' obligation to respond to Mr. Gerlach's Motion to Dismiss – and ECHT, LLC's obligation to plead or otherwise respond to the Second Amended Complaint – may be held in abeyance for a reasonable period of time so that negotiations may continue.  If the parties so

wish, Plaintiffs shall file a motion to continue the deadlines for a reasonable, finite period, with the understanding and consent of Mr. Gerlach.  If settlement negotiations are abandoned or have concluded, Plaintiffs' notice should so indicate.

In the meantime, Plaintiffs' Request for Default Judgment against ECHT, LLC (**Doc. 123**) is **DENIED**, without prejudice to renewal once it has been determined whether a settlement will be reached (to be clear, the Request for Default Judgment, as to JORG GERLACH, is **DENIED WITH PREJUDICE**).  Should Plaintiffs renew their request for default judgment, it should be presented as a motion, directed to the undersigned, not the Clerk of Court.  Also, as Plaintiffs' counsel have been advised, the damages sought are unliquidated, and a hearing would be required.  The Court is not inclined to grant a damages hearing, as relates only to ECHT, LLC, while overlapping claims against the other Defendants remain pending.  Thus, the putative entry of default judgment against the LLC would be as to liability only.

If a renewed motion for default judgment is filed against ECHT, LLC, the Court will give the LLC one last deadline to secure the entry of appearance of licensed legal counsel. **The Court cannot state more clearly or emphatically**:  if the claims against the LLC do not settle, and a notice or stipulation of dismissal is not subsequently filed as to the claims against it, default judgment as to liability **WILL** be entered against ECHT, LLC, upon appropriate motion by Plaintiffs, if licensed legal counsel does not appear and defend the case.

IT IS SO ORDERED.

March 7, 2023

s/Cathy Bissoon_____
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via email):

office@echt-project.com