IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KINGFLY SPIRITS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 22-50E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BLAKE RAGGHIANTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs' Motion (Doc. 141) to seal or for a protective order will be granted, to the limited extent described below.

Plaintiffs take issue with Mr. Gerlach's inclusion, in his Motion to Dismiss (Doc. 134), of information regarding settlement negotiations between him and Plaintiffs. To the extent that Mr. Gerlach's submission (Doc. 134) speaks of the *fact* of settlement discussions, Plaintiffs' objection is overruled. To the extent that Mr. Gerlach's submission discusses specifics regarding the content of settlement negotiations, Plaintiffs' objection is sustained. The Court has reviewed Mr. Gerlach's original Motion; it has redacted the document appropriately; and the final, redacted version is attached as an appendix to this Order.

**Mr. Gerlach is directed that, in the future, his submissions should not include discussions regarding settlement negotiations, which are confidential under the law**. He only may make passing reference to the fact of settlement discussions, for the limited purpose of seeking an extension, for example, but it is inappropriate for him to discuss anything said during the course of negotiations, because doing is recognized as having a chilling effect on these and future litigants' willingness to negotiate settlements.

Plaintiffs' request to strike Mr. Gerlach's statements regarding Plaintiff Mark Willson's purported mental state is denied. Motions to dismiss are not pleadings, and, even if they were, motions to strike are disfavored, for their tendency to waste limited judicial resources. While Mr. Willson may not like Mr. Gerlach's characterizations of his mental status and motivations, these things may happen when a party appears in a public forum to air his disputes. The potential for the "airing of dirty laundry," in a colloquial sense, is expanded, the more parties are being sued and the broader the claims pursued by the complaining party. Plaintiffs in this lawsuit have cast a remarkably broadly net. Consequently, the likelihood of hearing assertions and defenses that offend their sensibilities is expanded commensurately.

Finally, the Court will not strike or seal the challenged passage in its Order dated March 7, 2023 (Doc. 135). The Court's language was both measured and conditional, and, to the extent that Plaintiffs' counsel wished to "tell their side of the story," the have done so in their current submission.

Consistent with the foregoing, Plaintiffs' Motion (**Doc. 141**) is **GRANTED**, to the extent described above. Mr. Gerlach's original Motion (Doc. 134) has been sealed, and the Clerk of Court has been directed to refile the Motion, consistent with the redacted version appended to this Order.

IT IS SO ORDERED.


March 21, 2023                                              s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via email):

Jorg Gerlach (office@echt-project.com)